IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT, IN AND FOR INDIAN RIVER COUNTY, FLORIDA

3120 10 CA01 0559 XXXXX

CASE NO. _____

JOHAN FISCHER and CYNTHIA FISCHER, his wife,

    Plaintiffs,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation,

    Defendant.
_____/

## COMPLAINT

The Plaintiffs, JOHAN FISCHER and CYNTHIA FISCHER, his wife, sue Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, and allege as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages exceeding the sum of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

2. At all times material to this cause of action, the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, was a foreign corporation authorized to and doing business in the State of Florida, more specifically within Indian River County, Florida.

3. Prior to and on June 29, 2009, Plaintiffs, JOHAN FISCHER and CYNTHIA FISCHER, his wife, were parties to a contract of automobile insurance, providing "uninsured/ underinsured" motorist

EX. A

coverage in that Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, had issued an insurance policy to Plaintiffs, JOHAN FISCHER and CYNTHIA FISCHER, his wife, which was in full force and effect on or about June 29, 2009. (A copy of the policy of insurance is believed to be in the possession of Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and, therefore, is not attached).

4. On or about June 29, 2009, Diane Dean owned an "uninsured/underinsured" motor vehicle that was operated with her knowledge, permission, and consent by Karen Sisto an "uninsured/underinsured motorist," on 600 Sebastian Boulevard at or near the intersection with 690 Fleming Street in Sebastian, Indian River County, Florida.

5. At that time and place, Karen Sisto, the "uninsured/underinsured motorist" negligently operated or maintained the motor vehicle so that it collided with a motor vehicle owned and operated by Plaintiff, JOHAN FISCHER, directly and proximately causing injuries to Plaintiff, JOHAN FISCHER, as hereinafter more particularly set forth.

6. At the time of the motor vehicle collision, the party responsible for causing the collision, Karen Sisto, was an "uninsured/underinsured motorist" in that she had liability insurance coverage below the amount of damages sustained by Plaintiff, JOHAN FISCHER.

7. The Plaintiffs have obtained permission from Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, to settle with the "uninsured/underinsured" motorist for their available bodily injury liability policy limits. Further, Plaintiffs have received authorization from Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, to release the underinsured motorist upon payment of the policy limits.

8. All conditions precedent to this cause of action have occurred.

### COUNT I

Plaintiff, JOHAN FISCHER, realleges paragraphs 1 through 8 above as if fully set forth herein.

9. As a direct and proximate result of the aforesaid negligence of Karen Sisto, the "uninsured/underinsured" motorist, Plaintiff, JOHAN FISCHER, was severely, significantly and permanently injured in and about his head, neck, body, limbs and nervous system; has been permanently and significantly scarred and/or disfigured; has incurred a significant and permanent loss of bodily functions; and has suffered an aggravation of a pre-existing condition. As a further direct and proximate result of uninsured/underinsured's negligence, Plaintiff has suffered extreme pain and suffering, disability, physical impairment, mental anguish, inconvenience, and loss of capacity for the enjoyment of life, and will so suffer in the future. As a further direct and proximate result of said injuries, Plaintiff has in the past and

will in the future be obligated to pay large sums of money for doctors' bills, hospital bills and other directly and indirectly related expenses in an effort to alleviate his suffering and cure his injuries. Plaintiff has also suffered a loss of earnings in the past as a result of his injuries and has incurred a diminishment of his earning capacity which will continue in the future. Plaintiff has in the past and will in the future be unable to lead and enjoy a normal life as a result of his injuries. All of Plaintiff's losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

10. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, has failed and/or refused to provide Plaintiff, JOHAN FISCHER, with compensation for damages proximately sustained as a result of the aforesaid motor vehicle accident.

WHEREFORE, Plaintiff, JOHAN FISCHER, sues Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, and demands judgment for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest and further requests trial by jury of all issues triable as of right by jury.

## COUNT II

Plaintiff, CYNTHIA FISCHER, realleges paragraphs 1 through 8 above as if fully set forth herein.

11. Plaintiff, CYNTHIA FISCHER, at all times material hereto was and is the wife of Plaintiff, JOHAN FISCHER.

12. As a direct and proximate result of the negligence of the "uninsured/underinsured" motorist, Karen Sisto, Plaintiff, CYNTHIA FISCHER, has and will suffer the loss of her husband's services, consortium and the care and comfort of her society because of his injuries and disability.

WHEREFORE, the Plaintiff, CYNTHIA FISCHER, sues the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation, and demands judgment for damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest and further requests trial by jury of all issues triable as of right by jury.

### COUNT III – INSURANCE BAD FAITH

Plaintiff, JOHAN FISCHER, realleges paragraphs 1 through 8 above as if fully set forth herein.

13. Upon issuance or renewal of said insurance policy to the Plaintiffs, Defendant became obligated to comply with the duties prescribed in Section 624.155 and Section 626.9541, Florida Statutes.

14. Plaintiffs have performed all conditions precedent to the bringing of this action pursuant to Section 624.155, Florida Statutes, by providing written notice of the Defendant's violations pursuant to the Civil Remedy Notice of Insurer Violation sent to the State of Florida, Department of Insurance and to the Defendant. A copy of said Civil Remedy Notice with Filing Number 148689 and Filing Accepted Date: 1/5/2010 is attached hereto as Exhibit "A".

Additionally, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's response to the Florida Department of Insurance is dated February 8, 2010 and attached hereto as Exhibit "B".

15. Upon the issuance or renewal of the policy and pursuant to Section 624.155, the Defendant had a continuing duty to act fairly and honestly toward its insureds, JOHAN FISCHER and CYNTHIA FISCHER, and to attempt to settle the claims of Plaintiffs when under all the circumstances it could and should have done so, had it acted fairly and honestly toward Plaintiff and with due regard for Plaintiff's interest.

16. At all material times, Defendant knew that its $100,000.00 policy limits were inadequate to compensate Plaintiffs for the serious and permanent injuries sustained in the June 29, 2009 collision.

17. Defendant breached its continuing duties under Section 624.155 by not attempting in good faith to settle Plaintiffs' claim when under all the circumstances it could and should have done so, had it acted fairly and honestly toward it insured and with due regard for their interest. The Defendant breached its duties of good faith by, including but not limited to, the following acts and/or omissions:

    a. improper handling of the claim;

    b. refusing to settle the claim in a timely manner;

    c. failing to tender the policy limits in a timely manner, especially in light of the serious and

permanent injuries suffered by the Plaintiff, the value of which were clearly in excess of the policy limits; and

d. failing to promptly settle Plaintiff's claim when the obligation to settle the claim had become reasonably clear.

18. Defendant also failed to cure the violations under Section 624.155, by failing to pay all the damages owed within sixty (60) days of the Civil Remedy Notice Letter and by failed to otherwise correct the circumstances giving rise to the violation.

19. All of the continuing acts of bad faith by the Defendant caused the Plaintiffs' damages, including but not limited to, economic losses, interest on the unpaid insurance benefits, costs of the underlying action and of this action and attorney's fees for the underlying action and for this action.

20. Pursuant to Sections 627.727(10) and 624.155, Florida Statutes, in this action, Plaintiffs are entitled to recover the full amount of damages caused by the negligence of the underinsured tortfeasor, including the amount of damages in excess of the $100,000.00 underinsured motorist policy limits.

21. The above-mentioned acts of Defendant required the Plaintiffs to retain O. John Alpizar, Esquire, of Alpizar Law, LLC to represent them in this action, and Plaintiffs have agreed to pay them attorneys' fees for their services in this action and have agreed to reimburse them for costs advanced in the prosecution of

this action.

22. Plaintiffs seek to recover its attorneys' fees against Defendant pursuant to the provisions of Sections 624.155 and 627.438, Florida Statutes.

WHEREFORE, Plaintiff, JOHAN FISCHER and CYNTHIA FISCHER, sues Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and demands judgment, damages, costs, attorney's fees and consequential damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest and further requests trial by jury of all issues triable as of right by jury.

ALPIZAR LAW, LLC
1528 Palm Bay Road, N.E.
Palm Bay, FL 32905
(321) 676-2511

_____
O. John Alpizar
Florida Bar No. 0262765
David M. Alpizar
Florida Bar No. 898481
Attorneys for Plaintiffs

 

## Civil Remedy Notice of Insurer Violations

Filing Number:   148689
Filing Accepted: 1/5/2010

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | JOHAN FISCHER |
| Street Address: | 1069 MAIN ST. |
| City, State Zip: | SEBASTIAN, FL 32958 |
| Email Address: | GAIL@LULICH.COM |
| Complainant Type: | Insured |

### Insured

| | |
|---|---|
| Name: | JOHAN FISCHER |
| Policy #: | 6894-397-59 |
| Claim #: | 59-A293-648 |

### Attorney

| | |
|---|---|
| Name: | STEVEN LULICH |
| Street Address: | 1069 MAIN ST. |
| City, State Zip: | SEBASTIAN, FL 32958 |
| Email Address: | GAIL@LULICH.COM |

### Notice Against

| | |
|---|---|
| Insurer Type: | Authorized Insurer |
| Name: | STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY |
| Street Address: | |
| City, State Zip: | , |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

**CHRISTOPHER J. KOVAC**

Type of Insurance:   Auto

DFS-10-363
Rev. 11/2007


PLAINTIFF'S EXHIBIT A


**FLORIDA**
DEPARTMENT OF
**FINANCIAL SERVICES**


Alex Sink
Chief Financial Officer of Florida

## Civil Remedy Notice of Insurer Violations

Filing Number:    148689

### Reason for Notice

Reasons for Notice:

**Unsatisfactory Settlement Offer**

**PURSUANT TO SECTION 624.155, F.S.** please indicate all statutory provisions alleged to have been violated.

**624.155(1)(b)(1)**    Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

SECTION III UNINSURED MOTOR VEHICLE COVERAGE U3. - WE WILL PAY DAMAGES FOR BODILY INJURY AN INSURED IS LEGALLY ENTITLED TO COLLECT FROM THE OWNER OR DRIVER OF AN UNINSURED MOTOR VEHICLE. THE BODILY INJURY MUST BE SUSTAINED BY AN INSURED AND MUST BE CAUSED BY ACCIDENT ARISING OUT OF THE OPERATION, MAINTENANCE OR USE OF AN UNINSURED MOTOR VEHICLE.

UNINSURED MOTOR VEHICLE MEANS: 1.B.(2) THE LIMITS OF THE LIABILITY OF THE INSURANCE, SELF-INSURANCE OR BOND ARE LESS THAN THE DAMAGES FOR BODILY INJURY SUSTAINED BY THE INSURED.

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

JOHAN FISCHER WAS INVOLVED IN A VEHICLE CRASH ON JUNE 29, 2009 AND WAS NOT AT FAULT. HE SUFFERED SERIOUS INJURIES INCLUDING MULTIPLE DISC HERNIATIONS. A SETTLEMENT OFFER WAS FORWARDED TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ON DECEMBER 4, 2009 TO THE ATTENTION OF CHRISTOPHER J. KOVAC FOR A TENDER TO FISCHER'S ATTORNEY BY JANUARY 4, 2010 AS DETAILED IN THE SETTLEMENT OFFER.

### Comments

| User Id | Date Added | Comment |
|---------|------------|---------|
|         |            |         |

DFS-10-363
Rev. 11/2007

**State Farm**
Providing Insurance and Financial Services
Home Office, Bloomington, Illinois 61710



February 8, 2010

Steven Lulich
1069 Main St
Sebastian FL 32958

Winter Haven Operations Center
Auto Claim Central
PO Box 9609
Winter Haven, Fl. 33883-9609

<u>**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**</u>
RE: DFS File Number: 148689
Complainant: Johan Fischer
State Farm Insured: Johan (John) Fischer
Our Claim Number: 59-A293-648
Date of Loss: June 29, 2009

Dear Sir:

We acknowledge receipt of the above-captioned Civil Remedy Notice of Insurer Violation. Please be advised State Farm Mutual Automobile Insurance Company denies any and all allegations you have stated in this Civil Remedy Notice of Insured Violation.

We have evaluated Johan Fischer's claim based on the information we have been provided to date. We have extended an offer of $1,000.00 to settle his claim. We do not value his claim at the $100,000.00 outlined in your demand.

It is our understanding Mr. Fischer may be having a surgical evaluation. Please forward any records to our attention for review. We will continue to re-evaluate the claim of Johan Fischer as additional information becomes available.

Should you have any questions concerning this matter, please feel free to contact me at the number below.

Sincerely,

*Kim Kennedy*

Kim Kennedy, CPCU
Auto Claim Team Manager
863-318-6758
State Farm Mutual Automobile Insurance Company



PLAINTIFF'S EXHIBIT
B